**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**AUG 10 2001**

**PATRICK FISHER**
**Clerk**

JAMES H. TRACY,

        Petitioner-Appellant,

v.

MIKE ADDISON, Warden,

        Respondent-Appellee.

No. 00-6452
(D.C. No. 00-CV-1665-M)
(W.D. Okla)

---

**ORDER AND JUDGMENT** [*]

---

Before **EBEL**, **PORFILIO,** and **KELLY**, Circuit Judges.

Petitioner appeals the district court's order dismissing without prejudice his ex post facto challenge to the cessation of his "CAP" credits under the Oklahoma Prison Overcrowding Act, Okla. Stat. Tit. 57, §§ 570-576. [1] The district court held that because the claim challenged only the execution of petitioner's sentence,

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

he should have brought it under § 28 U.S.C. § 2241, rather than under 28 U.S.C. § 2254. *See, e.g.*, *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Petitioner argues on appeal that his claim for CAP credits was properly brought under § 2254 and, therefore, that the district court erred in determining that it should have been filed under § 2241 and in dismissing it.[2]

Before petitioner can proceed on appeal, he must obtain a certificate of appealability ("COA") from this court. 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that § 2253(c)(1)(A) requires a state prisoner to obtain a COA regardless of whether he is seeking relief under § 2254 or under § 2241). Because the district court denied petitioner's habeas petition on procedural grounds, it did not reach his underlying constitutional claims. Under these circumstances, petitioner is not entitled to a COA unless he can show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the district court, the magistrate judge determined that petitioner's claim for CAP credits should have been brought under § 2241, and, therefore,

---

[2] The district court also determined that three other claims were properly brought under § 2254, but that they were untimely. Petitioner does not challenge the district court's dismissal of these three claims on appeal.

-2-

recommended that the claim be dismissed without prejudice. In a lengthy footnote, the magistrate judge noted that this claim was likely untimely, too, based on facts contained in the record of a related civil rights action brought by petitioner with regard to the CAP credits.

Petitioner filed objections to the magistrate judge's report in which he acceded to the dismissal of his three § 2254 claims, but requested that the court construe his CAP credit claim as one under § 2241 and decide it on the merits. He argued that equitable tolling would apply to make this claim timely. Several days later, petitioner submitted amended objections, in which he argued that this court had granted habeas relief under § 2254 in cases involving similar types of credits and, therefore, that the district court could properly decide his claim under § 2254. After receiving petitioner's initial objections, but before receiving his amended ones, the district court entered an order adopting the report and recommendation of the magistrate judge and dismissing petitioner's CAP credit claim without prejudice. This appeal followed.

In ruling on petitioner's request for COA, we would normally consider whether reasonable jurists would find it debatable whether the district court correctly determined that petitioner's claim should have been brought under § 2241, or whether the district court correctly refused petitioner's request to construe the claim as one under § 2241 rather than require him to refile the

claim. [3]  We need not reach these issues, however, because the records before us establish that COA is not warranted in any event as petitioner's CAP credit claim is untimely.

As did the magistrate judge, we take judicial notice of the record in the related civil rights action, *Tracy v. Keating*, Dist. Ct. No. 00-CV-1324, which is now pending before us on appeal in No. 01-6057. The records before us establish that Governor Keating declared an overcrowding emergency in May 1989, prior to petitioner's incarceration. Beginning in July 1994, when petitioner was moved to a security level at which he could obtain the resulting CAP credits, petitioner began accruing the credits regularly. Between November 1997 and November 1998, petitioner accrued the credits every sixty days. In October 1998, the Board of Corrections changed the way it calculated the legal capacity of the system. (This is the action that petitioner contends violates the Ex Post Facto Clause.)

---

[3]  We note that by requiring petitioner to refile a § 2241 petition, rather than simply construing that part of his § 2254 petition as one filed under § 2241, the district court potentially disadvantaged petitioner. The Supreme Court has held that the pendency of a federal habeas action will not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 121 S. Ct. 2120, 2129 (2001). Therefore, requiring a petitioner who has erroneously asserted a § 2241 claim in a § 2254 proceeding to actually refile the claim under § 2241 may put the petitioner in the position of having to refile a claim that has become untimely during the pendency of the action. Assuming there are no counterveiling successiveness problems, the better practice would to be to construe the misnamed § 2254 claim as one under § 2241, at least where the petitioner has specifically requested that the court do so.

As a result, the Board certified to the governor that there was no longer an overcrowding emergency. By order of November 23, 1998, Governor Keating declared that the overcrowding emergency was over, and petitioner has not received any CAP credits since November 1998.

Pursuant to 28 U.S.C. § 2244(d)(1)(D), petitioner had one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" to file his federal habeas petition. Petitioner could have discovered as early as January 1999, sixty days after he last received CAP credits, that he was no longer receiving the credits. Petitioner did not file the current habeas action until September 11, 2000, well over a year after he could have discovered that his CAP credits had ceased. Therefore, regardless of whether his habeas petition is treated as one under § 2241 or one under § 2254, it is untimely. Accordingly, petitioner cannot make the showing necessary to obtain a certificate of appealability with regard to his CAP credit claim. [4]

---

[4]    Petitioner claimed for the first time in his objections to the magistrate judge's report that Governor Keating also violated his rights when he refused to sign an order in July 2000 declaring an overcrowding state of emergency, despite the Board of Corrections having certified that there was a new overcrowding emergency. We will not consider this claim, because "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived," *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Petitioner's motion to proceed in forma pauperis is GRANTED, petitioner's motion for a certificate of appealability is DENIED, and this appeal is DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge